**THOMAS CRONIN CO. v. LEWELLYN, Late Collector of Internal Revenue.**

(District Court, W. D. Pennsylvania. November 18, 1925.)

**1. Pleading ☞348—Allegations on information and belief by one without knowledge of facts held insufficient to justify summary judgment for insufficient affidavit of defense.**

Allegations in statement of claim, made on best knowledge and belief, by affiant having no knowledge of facts, *held* not sworn statement of facts, justifying summary judgment for insufficient affidavit of defense, under Practice Act Pa. May 14, 1915, § 9 (P. L. 483; Pa. St. 1920, § 17189).

**2. Pleading ☞155—Affidavit of defense held sufficient to permit defendant to make denial on information and belief.**

Affidavit of defense, alleging that defendant has exhausted all sources of knowledge, and

from information received and his general knowledge believes and alleges that allegations in plaintiff's statement of claim are untrue, and so expects to be able to prove at trial, *held* sufficient, under Practice Act Pa. May 14, 1915 (P. L. 483; Pa. St. 1920, § 17181 et seq.), to permit denial on information and belief.

**3. Internal revenue ☞9—Date of completion of road contract held correct date for determining profit on contract.**

Where contractor reported its profit from long-term road contract as of date of completion of work, under Regulation of Bureau of Internal Revenue 45, art. 36, instead of under apportionment method of reporting profits in taxable year in which work is finally accepted, permitted by Regulation 62, art. 36, date of completion, and not date of acceptance, of work was correct date for determining profit; any expenditures during guaranty period being deductible from income of year in which they are made.

At Law. Action by the Thomas Cronin Company against one Lewellyn, formerly Collector of Internal Revenue, to recover certain taxes claimed to have been unlawfully collected. On plaintiff's motion for judgment for want of sufficient affidavit of defense. Motion denied.

William G. Heiner, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge. The plaintiff has brought this suit to recover certain taxes which it claims were unlawfully collected by the collector of internal revenue, and has now moved for judgment for want of a sufficient affidavit of defense. The questions presented are: (1) When made upon information and belief, is the defendant's denial of certain averments of fact contained in the statement of claim sufficient under the Pennsylvania Practice Act to put those averments of the statement of claim in issue? (2) Is the defendant, as collector of internal revenue, bound to know the facts set forth in income tax returns made to a collector other than himself, and is he responsible for any tax moneys collected by a collector other than himself? And (3) does the plaintiff's statement of claim, even taking it all as true, present a case which entitles it to judgment against the defendant?

[1] Before taking up the question raised by the plaintiff's motion, it might be noted that the plaintiff is not in a very good position to urge this motion for want of a sufficient affidavit of defense, in so far as it urges noncompliance by defendant with the Practice Act of Pennsylvania, in view of the fact that the plaintiff itself has not com-

plied with section 9 of the Practice Act of Pennsylvania of May 14, 1915 (P. L. 483; Pa. St. 1920, § 17189), for its statement of claim is not sworn to by the plaintiff, or some person having knowledge of the facts. In the affidavit attached to the plaintiff's statement of claim, Harry Cronin, president of the plaintiff corporation, avers "that the facts contained in the foregoing statement of claim are true and correct to the best of his knowledge and belief." Nowhere does it appear that the affiant has any knowledge of the facts. The facts and circumstances of this claim might be peculiarly within the knowledge of some other officer of the corporation, who would be the only person qualified to make the affidavit. Certainly those portions of the statement of claim which are only true to the best of affiant's knowledge and belief, by one who has no knowledge of the facts, would not make such a sworn statement of the facts as would justify the court in giving a summary judgment for want of a sufficient affidavit of defense.

[2] Turning, now, to the affidavit of defense the plaintiff urges that, as to the paragraphs of statement of claim which the defendant has denied, he has done so only on information and belief, and that such denial is insufficient under the Pennsylvania Practice Act to constitute a defense to the facts. The type of denials complained of by the plaintiff are as follows: "The defendant avers that he has exhausted all sources of knowledge which are open to him for the purpose of determining the truth of the averments in said paragraph of plaintiff's statement of claim, and that from all information received, coupled with his general knowledge of the matter, he believes and avers the said averments complained of to be untrue, and so expects to be able to prove at the trial of this case."

The plaintiff, relying on Buehler v. United States Fashion Plate Co., 269 Pa. 428, 112 A. 632, urges that this is not sufficient, because the defendant did not set out the names of the persons from whom he inquired, nor state all other sources of information to which he applied, in order that the court might in every instance determine whether the defendant had sufficiently exhausted all sources of information, in order to permit him to make a denial on information and belief, so as to put the plaintiff to the proof of the facts alleged. After carefully studying the opinion of Mr. Justice Moschzisker, in the case of Buehler v. United States Fashion Plate Co., supra, we come to the conclusion that this is not the proper inter-

pretation of this decision, and that the defendant in the instant case has set out all that he is required to set out under the interpretation of the Practice Act by the Pennsylvania Supreme Court, in order to permit him to make denial on information and belief.

[3] Again, the plaintiff complains of certain responses made by the defendant to allegations of payment and filing of returns with other collectors of internal revenue than the defendant in question as being insufficient, in that the answering defendant merely denies any liability so far as he is concerned for payments made or returns filed with other revenue collectors. If the claim of the plaintiff in this case rests upon returns and money paid to collectors other than the defendant in the instant case, it would seem as though such an affidavit as that filed would be sufficient. Surely one collector ought not to be held responsible for the acts of another collector, over whom he has no control or power.

If we brush aside these technical questions raised by the motion for judgment, and go to the one bearing on the merits of the case—namely, is the plaintiff as taxpayer, liable to account for profits on long-term road contracts at the date of the completion of the work upon the road, or at the date of expiration of the guaranty period during which the taxpayer undertook to maintain the road in repair?—the plaintiff's statement of claim discloses that it reported to the government the net profit from its long-term road contract as of the date of the completion of the work upon the roads; that the tax paid by it was assessed on that basis and was paid under protest. Later in the year 1924, the plaintiff filed an amended tax return, reporting its net profits on the same long-term contracts as of the date of expiration of the guaranty period, during which the plaintiff was obliged to keep the roads in question in repair, and then claimed a refund of the difference between the two taxes; i. e., that computed on the basis of the original returns and that computed on the basis of the amended returns. This claim for refund was refused by the Commissioner of Internal Revenue, and the plaintiff brought suit to recover the amount claimed in its application for refund.

These tax returns were made pursuant to article 36 of Regulations 45 and 62 of the Bureau of Internal Revenue, which give the taxpayer two means of reporting net income on long-term contracts; i. e. (1) the completed contract method, and (2) the ap-

portionment method. The plaintiff chose the completed contract method. Article 36 of Regulations 45 is in part as follows:

"Art. 36. *Long-Term Contracts.*—Persons engaged in contracting operations, who have uncompleted contracts, in some cases perhaps running for periods of several years, will be allowed to prepare their returns so that the gross income will be arrived at on the basis of completed work; that is, on jobs that have been finally completed any and all moneys received in payment will be returned as income for the year in which the work was completed. If the gross income is arrived at by this method, the deduction from such gross income should include and be limited to the expenditures made on account of such completed contracts."

Article 36 of Regulations 62 is in part as follows:

"Art. 36. *Long-Term Contracts.*— * * * (b) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the tax-payer elects as a consistent practice to so treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income *all expenditures during the life of the contract* which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion."

On this state of facts, we do not see how the plaintiff can recover. The date of the completion of the work, in our judgment, is the correct date for the determination of the profit involved in the contract. If the work has been properly performed, there may never be any need for the taxpayer to spend any further money on the contract, and it might go through all the guaranty period without spending a cent. If such expenditures, perchance, should happen to be made during the guaranty period by the taxable, they certainly would be proper items of expense, which might properly be deducted from the income in the year in which they were made, and would therefore be reflected in the taxes paid by the plaintiff to the government for that year.

We think that the affidavit of defense, even if insufficient in the denials on information and belief, is entirely sufficient on the question of the legal liability of the plaintiff for taxes which it paid to the government on its long-term contract, computed as of the date of the completion of the

work, which of itself is sufficient to prevent a summary judgment for plaintiff.

The plaintiff's petition and motion for judgment for want of a sufficient affidavit of defense must therefore be denied.